UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER CICERO and SARA CICERO, | CASE NO. C19-1457-JCC |
| Plaintiffs, | ORDER |
| v. | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY and SBR HOLDINGS LLC, | |
| Defendants. | |

This matter comes before the Court on Defendant American Family Mutual Insurance Company's motion to dismiss a party (Dkt. No. 12) and Plaintiffs' motion to remand and for attorney fees (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' motion to remand and DENIES Plaintiffs' motion for attorney fees (Dkt. No. 13) and STRIKES as moot American Family's motion to dismiss a party (Dkt. No. 12) for the reasons explained herein.

## I.  BACKGROUND

On September 23, 2017, a Schwartz Brothers commercial truck, driven by an employee of Defendant SBR Holdings, LLC, crashed into Plaintiffs' home. (Dkt. No. 1-3 at 1–2.) After American Family, Plaintiffs' insurer, failed to pay to repair their home, Plaintiffs sued American

Family in King County Superior Court. (*Id.*) Plaintiffs allege that American Family failed to promptly respond to and investigate Plaintiffs' claim for loss and that American Family has constructively denied them coverage. (*Id.* at 3–5.) Plaintiffs bring claims against American Family for breach of contract, insurance bad faith, negligent claims handling, violation of Washington's Consumer Protection Act, Wash. Rev. Code § 19.86, and violation of the Insurance Fair Conduct Act, Wash. Rev. Code § 48.30.015. (*Id.* at 5–6.) Plaintiffs also bring a claim for negligence against SBR. (*Id.* at 6.)

American Family removed the matter to the Court based on diversity jurisdiction. (Dkt. No. 1 at 3–7.) American Family is a citizen of Wisconsin, and Plaintiffs and SBR are citizens of Washington (*Id.* at 4, Dkt. No. 13 at 2.) In its removal notice, American Family alleges that SBR should be ignored for the purposes of jurisdiction because SBR is a dispensable party subject to severance by the Court. (Dkt No. 1 at 4–5.) American Family now moves to dismiss SBR based on fraudulent joinder and as a dispensable party pursuant to Rules 19 and 21. (*See* Dkt. No. 12.) Plaintiffs move to remand on the ground that the Court lacks subject matter jurisdiction. (*See* Dkt. No. 13.)

## II. DISCUSSION

### A. Motion to Remand

The plaintiff is the master of the complaint and can plead a cause of action to avoid federal jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). For this reason, courts strictly construe a defendant's ability to remove a case from state court to federal court. *Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918, 921 (9th Cir. 2013). The burden is on the defendant to demonstrate that a claim "arises under" or "necessarily turns upon" federal law. *Ultramar America Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990).

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, the case can be remanded to state court for either lack of subject matter jurisdiction or defects in the removal procedure. *See* 28 U.S.C. § 1447(c). But "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

According to the notice of removal, Plaintiffs are citizens of Washington. (*See* Dkt. No. 1 at 4.) It is uncontested that SBR is a citizen of Washington. (*See* Dkt. Nos. 13 at 2, 16 at 1–2.) Thus, there is no question that if SBR were a party to this case, the parties would not be diverse. *See* 28 U.S.C. § 1332(a)(1). Therefore, to decide whether remand is proper based on lack of subject matter jurisdiction, the Court considers American Family's arguments for dismissing SBR.

### 1. Defective Removal

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). Plaintiffs argue that the removal was defective because American Family did not obtain SBR's consent. (Dkt. No. 14 at 3–4.) But in its removal notice, American Family made clear that it would contest whether SBR should be part of the case. (*See* Dkt. No. 1 at 4–5) (alleging that SBR is a dispensable party subject to severance). And in its motion to dismiss, American Family specifically alleged that SBR was fraudulently joined. (Dkt. No. 12 at 7–9.) Thus, the procedural requirement of consent by all parties to removal does not prevent the Court from evaluating whether SBR should be a party to this case. *See Ritchey*, 139 F.3d at 1318; *see*

*also S. Bayview Apartments, Assocs. v. Cont'l W. Ins. Co.*, Case No. C07-5287-RBL, Dkt. No. 24 at 11 (W.D. Wash. 2007) (finding that the consent requirement was eclipsed by the necessity for remand).

### 2. Fraudulent Joinder

American Family moves to dismiss SBR as fraudulently joined. (Dkt. No. 12 at 7–9.) Plaintiffs' claim against SBR is for negligence, based on the conduct of SBR's employee who crashed the commercial truck into Plaintiffs' home. (Dkt. No. 1-3 at 6.) American Family does not argue that Plaintiffs fail to state a claim against SBR. (*See* Dkt. No. 12 at 7–9.) Instead, American Family cites a district court case for the proposition that joinder could also be fraudulent if Plaintiffs have "no real intention" of prosecuting their claim against SBR. (Dkt. No. 12 at 7) (citing *S. Bayview*, Case No. C07-5287-RBL, Dkt. No. 24 at 5 (W.D. Wash. 2007)). But the dictum in *S. Bayview* did not establish a different type of fraudulent joinder. *See id.* The court in that case concluded that the plaintiff obviously failed to state an actionable case against certain defendants. *Id.* Thus, American Family offers no authority for the proposition that Plaintiffs' subjective intentions regarding joinder of SBR are relevant to a fraudulent joinder analysis.[1] Moreover, American Family offers little more than a conclusory allegation that "the plain language of the complaint makes it clear that Plaintiffs have no real intention of prosecuting this claim." (Dkt. No. 12 at 8.) Thus, American Family has not established that Plaintiffs "fail[] to state a cause of action against" SBR, as the fraudulent joinder standard requires. *See Morris*, 236 F.3d at 1067.

//

---

[1] American Family also argues that the joinder is fraudulent because it is not necessary for Plaintiffs to bring a claim against SBR in order to get complete recovery because any damages against SBR would be subsumed in a judgment against American Family. (Dkt. No. 12 at 8.) Whether SBR is a necessary party is the inquiry for a motion under Rule 19, not fraudulent joinder. *See* Fed. R. Civ. P. 19.

### 3. Rule 21 Dismissal

Courts may invoke Rule 21 to dismiss non-diverse parties and preserve their jurisdiction over cases *originally* filed in federal court. 7 Charles Alan Wright & Arthur R. Miller *et al.*, *Fed. Prac. & Proc. Civ.* § 1685 (3d ed. 2002 & Nov. 2019 update). "It is rare, however, for courts to use Rule 21 to dismiss properly joined parties 'solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought.'" *Mort v. Allstate Indem. Co.*, Case No. C18-0568-RSL, Dkt. No. 18 at 3 (W.D. Wash. 2018) (quoting *Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 688 (S.D. Tex. 1997)). The Court has previously ruled that when a defendant alleges that a party has been added solely to defeat removal from state court, "the proper analysis to be applied is whether [the party was] fraudulently joined." *See Kolova v. Allstate Insurance Company*, Case No. C18-1066-JCC, Dkt. No. 21 at 3 (W.D. Wash. 2018).[2] Thus, neither Rule 19 nor Rule 21 are dispositive as to whether SBR should be permitted to be in this case.

Nonetheless, American Family urges the Court to dismiss SBR as a "dispensable party" subject to severance pursuant to Rules 19 and 21. (Dkt. No. 12 at 4–5.) Rule 19 deals with whether parties are *necessary* to the litigation, and thus cases that applying this Rule analyze whether potential parties need to be part of the underlying litigation. *See Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). And Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. Pr. 21. But when the issue is whether a plaintiff was *permitted* to sue a particular defendant, the proper analysis is fraudulent joinder. *See Ritchey*, 139 F.3d at 1318. To use Rules 19 and 21 to dismiss a properly joined party could create unnecessary, duplicative litigation and risks an inconsistent judgment in state court. *See Kolova*, Case No. C18-1066-JCC,

---

[2] Less than one year ago, the firm currently representing American Family pressed nearly the same Rule 21 argument for dismissing a non-diverse party. *Compare Kolova*, Case No. C18-1066-JCC, Dkt. No. 11 *with* (Dkt. Nos. 12, 16).

Dkt. No. 21 at 4.

American Family cites several out-of-district cases for the proposition that Rule 21 may be invoked to manufacture diversity jurisdiction, but these are readily distinguishable, and none of them involved a non-diverse defendant properly joined in state court. (*See* Dkt. No. 12 at 5–7) (citing *Nash v. Hall*, 436 F. Supp. 633, 634 (W.D. Okla. 1977) (non-diverse defendant added after case properly removed); *Gieringer v. The Cincinnati Ins. Cos.*, 2008 WL 4186931, slip op. at 1 (E.D. Tenn. 2008) (considering motion to amend to add a non-diverse party); *Christopher v. The Neiman Marcus Grp., LLC*, 2017 WL 374903, slip op. at 2 (C.D. Cal. 2017) (same); *Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289, slip op. at 2 (C.D. Cal. 2015) (same). And one case American Family cites was dismissed based on fraudulent joinder, not a Rule 21 analysis. *See Linnin v. Michielsens*, 372 F. Supp. 2d 811, 817 (E.D. Va. 2005). In summary, American Family's argument for a Rule 21 dismissal of SBR is without merit. Thus, this Court lacks subject matter jurisdiction because Plaintiffs are not diverse from all Defendants. Therefore, Plaintiffs' motion to remand (Dkt. No. 13) is GRANTED on these grounds. Accordingly, the Court STRIKES American Family's motion to dismiss a party (Dkt. No. 12) as moot.

### B.    Motion for Attorney Fees

Absent unusual circumstances, courts may award attorney fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Less than a year before the present case was removed, the Court rejected defense counsel's nearly-identical argument for dismissal of a party under Federal Rules of Civil Procedure 19 and 21. *See Kolova*, Case No. C18-1066-JCC, Dkt. No. 21 at 3–4. Indeed, defense counsel has repeatedly failed to convince other courts in this district to invoke Rule 21 at such an early stage in litigation to dismiss an otherwise properly-joined party for the sole purpose of retaining jurisdiction. *See Mort*, Case No. C18-0568-RSL, Dkt. No. 18 at 3; *Cherkin v. GEICO Gen. Ins. Co.*, Case No. C18-0839-RAJ, Dkt.

No. 13 at 4–6 (W.D. Wash. 2018). However, there is no controlling Ninth Circuit precedent, and at least a few district courts elsewhere have endorsed this interpretation of Rule 21. *See, e.g.*, *Mayfield v. London Women's Care, PLLC*, 2015 WL 3440492 (E.D. Ky. 2015). Thus, the Court concludes that that American Family's reliance on this theory was not objectively unreasonable. Therefore, Plaintiffs' motion for attorney fees (Dkt. No. 13) is DENIED.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Dkt. No. 13) is GRANTED. As such, the Clerk is directed to STRIKE as moot Defendants' motion to dismiss a party (Dkt. No. 12). Plaintiffs' motion for attorney fees (Dkt. No. 13) is DENIED.

DATED this 10th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE